JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANTHONY MOORE

**(b)** County of Residence of First Listed Plaintiff   DELAWARE, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Patricia V. Pierce, Esquire, Greenblatt Pierce Engle Funt & Flores, LLC
123 S. Broad Street, 25th Floor, Philadelphia, PA 19109 email:
p.pierce@gpeff.com; tel: 215-735-1600; fax: 215-735-1660

## DEFENDANTS

THE CITY OF ATLANTIC CITY, ET AL.

County of Residence of First Listed Defendant   ATLANTIC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Jason Holt, Solicitor, Office of the City Solicitor, 1301 Bacharach
Boulevard, Room 406, Atlantic City, NJ 08401 Tel: 609-347-5540

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. Section 1983

Brief description of cause:
This is a Complaint alleging police misconduct and related common law torts.

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
08/13/2014

SIGNATURE OF ATTORNEY OF RECORD

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Anthony Moore | : | |
| 2427 Cedar Lane | : | |
| Drexel Hill, PA 19026 | : | |
| Plaintiff | : | |
| Vs. | : | |
| | : | |
| The City Of Atlantic City | : | |
| c/o Jason Holt, Solicitor | : | |
| Office of the City Solicitor | : | |
| 1301 Bacharach Boulevard, Room 406 | : | |
| Atlantic City, NJ 08401 | : | CIVIL ACTION NUMBER |
| | : | |
| And | : | |
| | : | |
| Detective Franco Sydnor, Badge #750 | : | |
| c/o Jason Holt, Solicitor | : | |
| Office of the City Solicitor | : | |
| 1301 Bacharach Boulevard, Room 406 | : | |
| Atlantic City, NJ 08401 | : | JURY TRIAL DEMANDED |
| | : | |
| And | : | |
| | : | |
| Police Chief Ernest Jubilee | : | |
| 687 Augusta Court | : | |
| Egg Harbor City, NJ 08215 | : | |
| | : | |
| And | : | |
| | : | |
| Bally's Park Place, Inc., d/b/a | : | |
| Bally's Atlantic City | : | |
| Boardwalk and Park Place | : | |
| Atlantic City, NJ 08401 | : | |
| | : | |
| And | : | |
| | : | |
| Jason Watts | : | |
| c/o Bally's Park Place, Inc., d/b/a | : | |
| Bally's Atlantic City | : | |
| Boardwalk and Park Place | : | |
| Atlantic City, NJ 08401 | : | |
| | : | |
| And | : | |

Steven Fleming                                    :
c/o Bally's Park Place, Inc., d/b/a               :
Bally's Atlantic City                             :
Boardwalk and Park Place                          :
Atlantic City, NJ 08401                           :
                                                  :
   And                            :
                                                  :
Daniel Dunn                                       :
c/o Bally's Park Place, Inc., d/b/a               :
Bally's Atlantic City                             :
Boardwalk and Park Place                          :
Atlantic City, NJ 08401                           :
                                                  :
   And                            :
                                                  :
Devon Chin                                        :
c/o Bally's Park Place, Inc., d/b/a               :
Bally's Atlantic City                             :
Boardwalk and Park Place                          :
Atlantic City, NJ 08401                           :
                                                  :
   And                            :
                                                  :
Jan Powell                                        :
c/o Bally's Park Place, Inc., d/b/a               :
Bally's Atlantic City                             :
Boardwalk and Park Place                          :
Atlantic City, NJ 08401                           :
                                                  :
   And                            :
                                                  :
Daniel Reccoppa                                   :
c/o Bally's Park Place, Inc., d/b/a               :
Bally's Atlantic City                             :
Boardwalk and Park Place                          :
Atlantic City, NJ 08401                           :
                                                  :
   And                            :
                                                  :
Clinton Douglas                                   :
c/o Bally's Park Place, Inc., d/b/a               :
Bally's Atlantic City                             :
Boardwalk and Park Place                          :
Atlantic City, NJ 08401                           :
                                                  :
   And                            :

2

Hector Miller                             :
c/o Bally's Park Place, Inc., d/b/a        :
Bally's Atlantic City                      :
Boardwalk and Park Place                   :
Atlantic City, NJ  08401                   :
                                           :
      And                     :
                                           :
John Garay                                 :
c/o Bally's Park Place, Inc., d/b/a        :
Bally's Atlantic City                      :
Boardwalk and Park Place                   :
Atlantic City, NJ  08401                   :
                                           :
      And                     :
                                           :
David Davis                               :
c/o Bally's Park Place, Inc., d/b/a        :
Bally's Atlantic City                      :
Boardwalk and Park Place                   :
Atlantic City, NJ  08401                   :
                                           :
      And                     :
                                           :
John Doe  (fictitious individual)          :
c/o Bally's Park Place, Inc., d/b/a        :
Bally's Atlantic City                      :
Boardwalk and Park Place                   :
Atlantic City, NJ  08401                   :
                                           :
      And                     :
                                           :
Caesars Entertainment Operating            :
Company, Inc.                              :
One Caesar's Palace Drive                  :
Las Vegas, NV  89109                       :
                                           :
      And                     :
                                           :
Caesar's Entertainment Corp.               :
One Caesar's Palace Drive                  :
Las Vegas, NV 89109                        :
                                           :
           Defendants   :
_____

# COMPLAINT

Plaintiff Anthony Moore, by and through undersigned counsel, for his Complaint against Defendants, to the best of his information, knowledge and belief, formed after reasonable inquiry states and alleges as follows:

## I.    PRELIMINARY STATEMENT

Plaintiff, Anthony Moore, brings this civil action to recover damages for a brutal beating he suffered at the hands of Detective Franco Sydnor of the Atlantic City Police Department.  On October 7, 2012 Plaintiff was in Bally's Casino in Atlantic City with his brother and some friends. Plaintiff's brother and friend were removed from the casino by casino security and Atlantic City police officers.  Plaintiff saw Detective Franco Sydnor violently throw his brother to the ground. He walked over to help.  Detective Sydnor pushed Plaintiff in the face and drew his baton.

Two minutes later Detective Sydnor fell pushing a group of officers, guards and civilians out of the casino. When he got to his feet Sydnor went straight for Plaintiff.  Sydnor, with the assistance of a Bally's security guard then hurled Plaintiff to the ground. Once on the ground, Sydnor repeatedly and viciously struck Plaintiff about his head and torso with his baton. Plaintiff suffered a concussion and two large gashes in his head, each requiring multiple staples.  While Plaintiff was hemorrhaging blood and was being held down by other officers, Sydnor got to his feet, pulled his left leg back to provide maximum force and kneed Plaintiff in his ribs with his right leg.  Sydnor then grabbed and dragged Plaintiff upright by his handcuffs twice, causing intense pain and permanent damage to his wrist.

4

## II.    PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Anthony Moore, is an adult male legal resident of the United States with a date of birth of January 12, 1974 who resides at the above captioned address.

2.      Plaintiff Moore was at all relevant times a person within the state of New Jersey.

3.      Defendant Atlantic City is a municipal corporation existing under the laws of the State of New Jersey with a business address located at 1301 Bacharach Boulevard, Atlantic City, New Jersey 08401.

4.      Defendant Atlantic City at all relevant times was the employer of the Defendant Police Officer Franco Sydnor and through its agent the Atlantic City Chief of Police was and is responsible for maintaining, supervising and training of the Atlantic City Police Department ("ACPD").

5.      Defendant Franco Sydnor ("Detective Sydnor" or "Sydnor") is a detective employed by the ACPD and was at all relevant times acting under color of law.  Defendant Sydnor is being sued in his individual and official capacities.

6.      Defendant Ernest Jubilee was the Chief of Police of the ACPD and at times relevant to this action was a final decision-maker for Atlantic City regarding the operation of the ACPD including but not limited to the disciplinary system of the ACPD.  Defendant Jubilee is being sued in his individual and official capacities.

7.      Defendant Bally's Park Place, Inc. ("Bally's") is a corporation duly organized and existing under the laws of the State of New Jersey that maintains a place of business located at Park Place and the Boardwalk, Atlantic City, New Jersey.

8.      Defendant Bally's owns and operates the casino hotel resort in Atlantic City, New Jersey known as "Bally's Atlantic City."

5

9.      Defendant Jason Watts was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment.

10.     Defendant Steven Fleming was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment.

11.     Defendant Daniel Dunn was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment.

12.     Defendant Devon Chin was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment.

13.     Defendant Jan Powell was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment.

14.     Defendant Daniel Reccoppa was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment.

15.     Defendant Clinton Douglas was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment.

16.     Defendant Hector Miller was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment.

17.     Defendant John Garay was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment. Upon information and belief, Defendant Garay was at all relevant times a supervisor in Defendant Bally's security force.

18.    Defendant David Davis was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment.

19.    Defendant John Doe was at all relevant times employed by Defendant Bally's as a member of its security force and was at all times acting within the scope of his employment. Doe, together with Defendant Sydnor, threw Plaintiff to the ground and assisted Sydnor's assault upon Plaintiff.

20.    Defendant Bally's is a wholly owned subsidiary of Caesars Entertainment Operating Company, Inc. ("CEOC"), which in turn is a wholly owned subsidiary of Caesar's Entertainment Corporation ("Caesar's").

21.    Defendant CEOC was and is a foreign corporation duly authorized to conduct business under and by virtue of the laws of the state of New Jersey. Upon information and belief, at all relevant times CEOC was an owner of Bally's Atlantic City.

22.    Upon information and belief, at all relevant times, CEOC expected or should have reasonably expected its acts to have consequences in the state of New Jersey.

23.    Defendant Caesar's is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Nevada with a business address located at 1 Caesar's Palace Drive, Las Vegas, NJ 89109.

24.    Upon information and belief, at all relevant times Caesar's was an owner of Bally's Atlantic City.

25.    Upon information and belief, at all relevant times, Caesar's expected or should have reasonably expected its acts to have consequences in the state of New Jersey.

26.    Based on the facts and circumstances of this case, Defendant Sydnor was at all relevant times acting not only as an agent of Defendant Atlantic City but was also jointly acting as an agent, servant or employee of Defendants Bally's, CEOC and Caesar's, and at all times

7

herein was jointly acting within the scope of his employment as agent, servant or employee of Atlantic City, Bally's, CEOC and Caesar's.

27.     All individual Defendants are named in their individual and official capacities.

28.     Defendants Atlantic City, Police Chief Ernest Jubilee and Bally's knew or reasonably should have known of Defendant Sydnor's well-documented history of using excessive and unjustified force on civilians yet failed and continue to fail to take steps to discipline, discharge or monitor him.[1]

29.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts that give rise to this Complaint occurred in this judicial district.

30.     This action is brought pursuant to 42 U.S.C. § 1983 of The Civil Rights Act of 1871 and this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III.   FACTUAL ALLEGATIONS

31.     Anthony Moore travelled to Bally's Atlantic City with his younger brother Ciaran Moore and friends on the night of October 6, 2012.

32.     Mr. Moore is a construction worker, employed at Heritage Stucco, Inc. located in Drexel Hill, Pennsylvania.

33.     At approximately two a.m. on October 7, 2012 Mr. Moore was speaking with his friend, Colleen Davis, when he learned that his brother Ciaran was being removed from the casino.

---

[1] See following Federal Civil Actions against Detective Sydnor, all filed prior to this incident: *Catrambone v. Sydnor*, 07-cv-1345; *Friedman v. Borgata Hotel* 2008-CV-2986; *Porter v. Dooley*, 2009-cv-06068; *Cordial v. Atlantic City*, 11-cv-01457; and *Vazquez v. City of Atlantic City*, 12-cv-1752.

34.    Many of the events underlying this action were captured on Bally's security cameras.[2]

35.    Plaintiff looked up and saw his brother Ciaran and his friend, Aaron McGowan, being taken out of the casino by four Bally's security guards and four Atlantic City Police officers.[3]  Defendant Sydnor threw his brother Ciaran into a metal gate, ripping his shirt.[4]

36.    Defendant Sydnor then grabbed Ciaran by his neck and propelled him forward.[5]

37.    Plaintiff was not involved in any of the circumstances that lead to casino security deciding to remove Ciaran and Mr. McGowan from the casino.[6]

38.    Plaintiff followed his brother and Mr. McGowan as they were being escorted out of the casino.[7]

39.    Without any provocation Defendant Sydnor began pushing Mr. McGowan.[8]

40.    Plaintiff approached Defendant Sydnor stating, "Why are you pushing? We're leaving."[9]

41.    Defendant Sydnor then pushed Plaintiff in his face, took out his baton and began shouting at him, "You wanna go? You wanna go?"[10]

42.    A minute later, near one of the casino exits, Defendant Sydnor grabbed Plaintiff's neck, and then fell down while entangled with Plaintiff, Ms. Davis, a Bally's security guard, a fellow officer and Mr. McGowan.[11]

---

[2] A true and correct copy of this footage is attached as Exhibit 1 and is available via hyperlink: http://www.gpeff.com/cases/a-moore-2014/index.html
[3] *See* Clip 1 at 2:02:43 – 2:03:02.
[4] *See* Clip 1 at 2:03:02 – 2:03:10.
[5] *See* Clip 1 at 2:03:10 – 2:03:18.
[6] See Clip 2 at 2:00:42 – 2:02:39.  *See* Plaintiff in blue and white checkered shirt in top left of video.
[7] *See* Clip 1 at 2:03:58 – 2:04:02.
[8] *See* Clip 1 at 2:04:02 – 2:04:06.
[9] *See* Clip 1 at 2:04:06.
[10] *See* Clip 1 at 2:04:07 – 2:05:16.
[11] *See* Clip 1 at 2:05:16 – 2:05:22.

43.     Defendant Sydnor then stood up, took a few seconds to ensure that McGowan was arrested, then went out after Plaintiff who had already left the building.[12]

44.     As Defendant Sydnor approached, Plaintiff was outside of an "Exit" door standing with Ms. Davis, neither of whom was engaged in any aggressive behaviors and neither of whom posed any threat to officers or guards.[13]

45.     Defendant Sydnor and an unidentified Bally's security guard grabbed Plaintiff and slammed him to the ground.[14]

46.     Once Defendant Sydnor had Plaintiff on the ground he deliberately, viciously and repeatedly struck him with his baton in the top of his head and on the left side of his head above his eye.[15]

 

47.     These blows caused deep cuts on the top of Plaintiff's head and above his eye which immediately started gushing blood.

48.     Blood from Plaintiff's head sprayed onto Ms. Davis's hand.

---

[12] *See* Clip 1 at 2:05:22 – 2:05:29.

[13] *See* Clip 3 at 2:05:22 – 2:05:27.

[14] *See* Clips 1 & 3 at 2:05:32 – 2:05:35. *See also* "Incident Report", a true and accurate copy of which is attached as Exhibit 2, identifying the Bally's security personnel involved in this incident but not the employee seen in surveillance footage taking Plaintiff down with Sydnor.

[15] *See* Clip 1 at 2:05:35 – 2:05:44.

49.     Three Atlantic City police officers assisted Sydnor in handcuffing and arresting Plaintiff.[16]

50.     Sydnor then stood up, pulled his leg back to gather his weight and with his entire force, kneed Plaintiff in his ribs.[17]

51.     At no time did Plaintiff punch, kick or otherwise strike Defendant Sydnor nor any other police officer or security guard.

52.     After tightly handcuffing Plaintiff, Defendant Sydnor left.  He returned approximately a minute later and pulled Plaintiff up by the handcuffs, causing Plaintiff severe pain and damage to his wrist.[18]

53.     Defendant Sydnor dropped Plaintiff and then returned thirty seconds later and dragged him across the floor by the handcuffs, again causing severe pain and damage to Plaintiff's wrist.[19] As this was occurring, five Atlantic City Police officers stood by and watched as Defendant Sydnor inflicted more gratuitous force upon Plaintiff, who was handcuffed and utterly defenseless.

54.     The carpet that was under and around Plaintiff at the time he was being beaten was soaked with his blood.[20]

55.     Plaintiff was taken to AtlantiCare Medical Center in Atlantic City, New Jersey for treatment which included the use of surgical staples to close wounds at the top of his head and above his left eye.

56.     Plaintiff was diagnosed with a concussion.

57.     Plaintiff continues to suffer from regular headaches as a result of this incident.

---

[16] *See* Clip 3 at 2:05:45 – 2:06:45.
[17] *See* Clip 3 at 2:05:57 – 2:05:59.
[18] *See* Clip 3 at 2:08:19 – 2:08:23.
[19] *See* Clip 3 at 2:08:59 – 2:09:17.
[20] *See* Clip 1 at 2:09:06 – 2:09:20.

58.     Plaintiff also continues to suffer from tingling and numbness in his wrist which, on information and belief, resulted from Sydnor's having handcuffed Plaintiff, then having used the handcuffs to pick him up twice after once having dropped him.

59.     On October 7, 2012 Ms. Davis went to the ACPD to file a Complaint against Defendant Sydnor. She was given a Complaint form, which she filled out with her address, home phone number and cell phone number. She then waited three hours for someone to take the form. From behind the glass counter Ms. Davis rang the bell to summon an officer to take her complaint but no one responded. Eventually she grew frustrated and left.

60.     On January 7, 2013 Plaintiff filed a Notice of Claim against the ACPD for Defendant Sydnor's assault and use of excessive force.

61.     As a direct and proximate result of Defendants' actions Plaintiff has been substantially injured. The injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, lost wages, medical expenses, great pain and emotional distress.

## V.     CLAIMS FOR RELIEF

### COUNT I

### ANTHONY MOORE V. DETECTIVE SYDNOR, CHIEF JUBILEE & ATLANTIC CITY

### FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983

62.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

63.     As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff Anthony Moore was deprived of the right to be free from the unreasonable use of force and the right to be secure in ones' person and property and to due process of law.  As a result, Plaintiff suffered and continues to suffer harm in violation of his

rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

64.     As a direct and proximate result of the acts of all Defendants, Plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

65.     Defendant Atlantic City has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a.   The unreasonable use of force by police officers;

   b.   The proper use of police powers, including but not limited to the unreasonable use of force, unlawful arrest and unlawful detention;

   c.   The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

   d.   The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

   e.   Police officers' use of their status as police officers to employ the use of force and unlawful arrest or to achieve ends not reasonably related to their police duties;

   f.   The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force in removing casino patrons from the premises;

   g.   The refusal of police officers to intervene when other officers violate the rights of citizens in their presence; and

   h.   The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

66.     Defendant Atlantic City has failed to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Atlantic City police officers, thereby causing and encouraging Atlantic City police, including the Defendant officers in this case, to violate the rights of citizens such as Plaintiff.

67.     Defendant Atlantic City is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division ("IA") of the ACPD fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

    a.   There are excessive and chronic delays in resolving disciplinary complaints;

    b.   There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

    c.   There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct.

    d.   The ACPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

    e.   The ACPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations.

    f.   The conduct of IA investigations demonstrates that IA personnel are not adequately trained and supervised in the proper conduct of such investigations;

    g.   A global analysis of IA's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

    h.   IA does not use an officer's history of excessive force complaints as a factor in subsequent excessive force investigations; and

i. The ACPD lacks an effective early warning system to identify, track and monitor "problem" officers.

j. Despite no fewer than ten prior complaints against Defendant Sydnor, at least seven of which involved excessive force, the ACPD took no meaningful disciplinary or remedial action; instead he was promoted to Detective;

k. Defendant Atlantic City was on notice that, absent additional specific training, it was highly predictable that Detective Sydnor would use excessive force.

l. As it did in this case, IA frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by Internal Affairs are below acceptable standards of police practice and fail to address key issues in the cases;

m. IA fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force;

n. IA fails to follow the New Jersey Attorney General Guidelines related to IA investigations;[21] and

o. Atlantic City failed to permit and/or deliberately dissuaded Ms. Davis from filing a Complaint regarding this incident by ignoring her efforts to file a complaint.

68.    From 2005—2010 there were 592 complaints of excessive force against the ACPD, only five of which were sustained.[22] This is markedly below the national average of eight percent, showing Atlantic City's failure to conduct adequate IA investigations.[23]

---

[21] http://www.nj.gov/oag/dcj/agguide/internalaffairs2000v1_2.pdf
[22] *Cordial v. Atlantic City*, 201111-cv-1457, at *5.
[23] http://www.pressofatlanticcity.com/news/breaking/special-report-most-atlantic-city-excessive-force-complaints-against-police/article_48bbd02e-dd35-11e3-9930-0019bb2963f4.html?mode=jqm.

69.   The existence of the aforesaid unconstitutional customs and policies may be inferred from the repeated occurrences of similar conduct committed by Detective Sydnor, including but not limited to the following incidents, which were all open and notorious:

a.   Civil Action No. 2007-cv-1345, which was filed in Federal District Court in New Jersey, alleges that Detective Sydnor threatened and beat the named plaintiff, while she was handcuffed, causing injuries sufficient to require hospital treatment;

b.   Civil Action No. 2008-cv-2986, which was filed in Federal District Court in New Jersey, alleges that Detective Sydnor and other named defendants, while working inside the Borgata Hotel, violated the constitutional rights of the named plaintiff, including abandoning the inebriated plaintiff at a bus terminal, unattended and vulnerable to injury;

c.   Civil Action No. 2009-cv-6068, which was filed in Federal District Court in New Jersey, alleges that Detective Sydnor and other named defendants violated the constitutional rights of the named plaintiff, including filing a false police report and committing perjury;

d.   From 2005 to 2009 there were seven excessive force complaints filed against Detective Sydnor. "The written complaints and subsequent Internal Affairs investigation reports demonstrate that many of the complaints are similar in nature to the instant matter in that the complaints allege civilians were grabbed by Sydnor, thrown or taken to the ground, and then assaulted or punched while on the ground."[24]

e.   Civil Action No. 2011-cv-01457, which was filed in Federal District Court in New Jersey, alleges that Detective Sydnor and other named defendants who were employed by Harrah's Hotel violated the constitutional rights of the named plaintiff, including by subjecting the plaintiff to use of excessive force;

f.   Gabriel Rosado alleged that Detective Sydnor started a fight with him at Bally's and repeatedly punched him in the face. Those allegations were widely covered by local and national press;[25]

g.   Civil Action No. 2012-cv-1752, which was filed in Federal District Court in New Jersey, alleges that Detective Sydnor grabbed the named plaintiff, lifted him in the air and slammed him down on the ground despite the lack of any provocation. That plaintiff alleged that Detective Sydnor then said to him,

[24] *Cordial v. Atlantic City*, 2011-cv-1457, at *13.
[25] http://boxing.sportnewsblog.com/boxer-claims-innocence-for-assaulting-cop.htm

"you're a firefighter tough guy? I'm going to make sure that you lose your pension. I'm going to make sure you lose your job."

h.   Civil Action No. 2014-cv-2477, which was filed in Federal District Court in New Jersey, alleges that on April 22, 2012, Detective Sydnor failed to properly conduct an investigation into an altercation between the named plaintiff and security staff of Harrah's Casino.

70.   Defendant Atlantic City condoned and perpetuated a custom, policy and/or practice of inadequate investigations of civilian complaints and insufficient supervision and discipline of its officers, which, in turn, suggested tacit approval and encouragement for its officers' unconstitutional misconduct.

71.   Upon information and belief Defendants were in possession of the surveillance footage attached to this Complaint, yet neither Detective Sydnor, nor any of the other officers involved in this incident were disciplined, reprimanded or received additional training or supervision/monitoring.

72.   Defendant Jubilee, as Chief of Police, was deliberately indifferent to the need to properly train, supervise and discipline police officers under his command including Detective Sydnor.

73.   As Chief of Police from February 2012 until December 2013 Defendant Jubilee was the highest policymaker and final decision-maker at the ACPD.

74.   Defendant Jubilee was directly responsible for the day to day operations of the ACPD.

75.   Defendant Jubilee oversaw and was responsible for IA investigations, received early warning reports of repeated IA complaints, and as Chief of Police, had the authority to create policies addressing the procedures applicable to IA investigations.

76.   Defendant Jubilee knew or should have known of the number of excessive force complaints against Detective Sydnor.

17

77.     Defendant Sydnor violated Plaintiff's right to be free from excessive force during a seizure of his person by purposefully striking Plaintiff in the head with his baton, kneeing Plaintiff with his full force in his ribs when Plaintiff posed no threat and then picking Plaintiff up by his handcuffs twice and then dropping him for the sole purpose of causing Plaintiff pain.

78.     Defendant Sydnor acted under color of state law in his capacity as an Atlantic City Police detective.

79.     Defendant Sydnor was acting pursuant to Atlantic City custom, practice and policy.

80.     Defendants' conduct has been intentional, deliberate, willful, malicious, and reckless and conducted in callous disregard for Plaintiff's federally protected rights, entitling him to punitive damages.

81.     Defendants have by the above described actions deprived the Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 as a direct and proximate result of which Plaintiff has suffered severe and permanent injury to wrist and arm, emotional distress, anxiety, humiliation, loss of earnings and earning capacity, all to his great detriment and loss.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendants jointly and severally, and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT II

### ANTHONY MOORE V. DEFENDANTS SYDNOR, WATTS, FLEMING, DUNN, CHIN, POWELL, RECCOPPA, DOUGLASS, MILLER, GARAY, DAVIS & DOE

### ASSAULT & BATTERY

82.     Plaintiff incorporates by reference the preceding paragraphs this Complaint.

83.     Plaintiff does not, as of the filing of this Complaint, know the name of the Bally's security guard (Doe) who is depicted on the video surveillance footage, together with Detective Sydnor, throwing him to the ground.

84.     Plaintiff is aware, and the video footage confirms, that several Bally's security guards were present at and participated in his arrest yet failed to take any action to prevent the use of excessive force Plaintiff suffered.

85.     According to records of the incident provided to Plaintiff, Defendants Watts, Fleming, Dunn, Chin, Powell, Reccopa, Douglass, Miller, Garay and Davis ("Bally Defendants") all participated to some degree in this incident; accordingly they are named as aiders and abettors because they acted in concert with Defendant Sydnor and Doe in the assault upon Plaintiff.

86.     Bally Defendants made unlawful contact with Plaintiff when they, in concert, threw him to the ground which constitutes an offensive touching.

87.     Bally Defendants attempted to injure Plaintiff.

88.     Bally Defendants placed Plaintiff in fear of imminent bodily harm.

89.     Doe's assistance to Defendant Sydnor aided Sydnor's battery of Plaintiff by facilitating his ability to mount Plaintiff and beat him with his baton.

90.     Bally's Defendants' conduct was intentional, deliberate, willful, malicious, and reckless entitling Plaintiff to punitive damages.

91.     As a proximate result of Defendants' conduct Plaintiff has suffered actual physical and emotional injuries and other damages and losses as described herein entitling him to compensatory damages.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants jointly and severally, and in the alternative and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT III

### ANTHONY MOORE V. DEFENDANT BALLY'S, CEOC & CAESAR'S NEW JERSEY STATE CLAIMS

### NEGLIGENCE & NEGLIGENT HIRING, SUPERVISION AND RETENTION

92.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

93.     Plaintiff was an invited guest of Bally's Atlantic City casino.

94.     Defendant Sydnor was an agent, servant and/or employee of Bally's, CEOC & Caesar's and at all relevant times herein was acting within the scope of his employment.

95.     Defendants Bally's, CEOC and Caesar's knew or should have known of the myriad of complaints against Detective Sydnor for constitutional violations against citizens, including casino patrons, which include but are not limited to at least five federal civil complaints that were filed against him prior to this incident as well as additional civilian complaints that have been lodged against him with internal affairs personnel at ACPD.

96.     Defendants Bally's, CEOC and Caesar's did not properly train, discipline nor investigate Detective Sydnor nor the Bally's Defendants in the proper use of arrest powers and the use of force in effecting an arrest and/or the ejection of patrons from its casino.

97.     The failure to train, discipline and investigate was a proximate cause of Plaintiff's injury.

98.     Defendants Watts, Fleming, Dunn, Chin, Powell, Reccoppa, Douglass, Miller, Garay, Davis and Doe were at all relevant times agents, servants and/or employees of Defendant

Bally's, Defendant CEOC and Defendant Caesar's as security personnel and were acting within the scope of their employment.

99.     Defendants' conduct has been intentional, deliberate, willful, malicious, and reckless entitling him to punitive damages.

100.     As a proximate result of defendants' conduct Plaintiff has suffered actual physical and emotional injuries and other damages and losses as described herein entitling him to compensatory damages.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendants jointly and severally, and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## V.     RELIEF REQUESTED

101.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

102.     Plaintiff requests that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

    a.   compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

    b.   economic losses on all claims allowed by law;

    c.   special damages in an amount to be determined at trial;

    d.   punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

    e.   reasonable attorney's fees, paralegal fees, expert witness fees and all cost, expenses and disbursements associated with pursuing this action; and

    f.   such other relief as the Court deems just, proper and/or equitable.

GREENBLATT PIERCE ENGLE
FUNT & FLORES, LLC

Date:   August 13, 2014

*S/ Patricia V. Pierce*
Patricia V. Pierce, Esquire
Email: p.pierce@gpeff.com
Ronald L. Greenblatt, Esquire
Email: ron@gpeff.com
Noah Cohen, Esquire
Email: n.cohen@gpeff.com
123 S. Broad Street, 25th Floor
Philadelphia, PA 19109
t: 215-735-1600; f: 215-735-1660
*Attorneys for Plaintiff Anthony Moore*

# EXHIBIT 1

EXHIBIT 1

The DVD below contains the video of the incident giving rise to the instant Complaint.  The portions of the video which are specifically referenced in this Complaint may be viewed at the following hyperlink:

http://www.gpeff.com/cases/a-moore-2014/index.html

# EXHIBIT 2

## Incident File Full Report

**Incident File #IN20120013872**

| | | Record Creation Details | |
|---|---|---|---|
| Date/Time Occurred: | 07-Oct-2012  2:14 | Department: | Security |
| Day of Week Occurred: | Sunday | Owner: | hernandezl |
| Date/Time Created: | 07-Oct-2012  5:56 | Operator ID: | wattsj |
| Date/Time Closed: | | | |

### Location of Incident:

| | |
|---|---|
| Property: | Ballys Atlantic City |
| Location: | 04 Entrance/Exit |
| Sublocation: | WW East Mountain Top Entrance |

### Details of Incident:

| | |
|---|---|
| Daily Log #: | DL20120235067 |
| Incident Category: | OTHER OFFENSE |
| Incident Type: | PHYSICAL CONFRONTATION |
| Incident Sub-Type: | |
| Incident Status: | Open |
| Synopsis: | Officer Miller requested back up at the mountain bar. All Officers responded. |
| Checklist: | - ACPD NOTIFIED<br>- AMBULANCE OFFERED AND ACCEPTED<br>- ARRESTED - HOTEL<br>- CC-TV FOOTAGE SAVED<br>- CC-TV FOOTAGE SAVED/BURNED<br>- EJECTED - HOTEL<br>- INCIDENT READY FOR REVIEW BY MGR/DIR<br>- PHOTOGRAPHS TAKEN<br>- TRANSPORTED BY AMBULANCE<br>- TURNED OVER TO ACPD |

Narrative:

| Created On | Created By | Modified On | Modified By |
|---|---|---|---|
| 09-Oct-2012  1:12 | wattsj | | |

On October 7th 2012 at approximately 02:12am I was notified to respond to the Wild West Mountain Bar in report of a physical confrontation.

Upon arrival, I spoke with Supervisor John Garay who stated an unknown female later identified as Geri L.Bartkowski approached him stating that there was a male later identified as Anthony Moore who bumped into her at the Mountain Bar. Words were said between them and A.Moore aggressively approached Bartkowski. From there, 2 other males later identified as Ciaran Moore and Aaron M. Gowan got involved with the verbal disagreement which later became physical.

ACPD officer Franco Sydnor responded to the incident. All 3 males were detained and taken into custody of ACPD.ACPD Case#12-116081. All 3 were also ejected from the property and the Notice of Withdrawal was read by Supervisor John Garay. A.Gowan, A.Moore, and C. Moore all have summons to appear in court on 10/15/12 at approximately 1:30pm.

Coverage of incident was saved and attached with the case number.

| Reporting Party: | Supervisor: |
|---|---|

**Incident File Full Report**                                    **Incident File #IN20120013872**

| | |
|---|---|
| Executive brief: | Officer H.Miller requested back up at Mt Bar for a physical confrontation.All Officers responded as well as ACPD. Anthony Moore was later taken into custody by ACPD as well as Ciaran Martin and Aaron Martin. All 3 patrons were ejected from property and the Notice of Withdrawal was read by Supervisor John Garay.Coverage of incident was saved. ACPD Case#12-116081. |

| Reporting Party: | Supervisor: |
|---|---|

## Incident File Full Report

**Incident File #IN20120013872**

**Participants Involved:**

| Personnel: | Watts, Jason | Property: | Ballys Atlantic City |
| Role: | Assigned Investigator | Department: | Security |

| Personnel: | Fleming, Steven | Property: | Ballys Atlantic City |
| Role: | Dispatched Officer | Department: | Security |
| Police Contacted: | Taken From Scene: | Police Contacted Result : | |

| Personnel: | Dunn, Daniel | Property: | Ballys Atlantic City |
| Role: | Dispatched Officer | Department: | Security |
| Police Contacted: | Taken From Scene: | Police Contacted Result : | |

| Personnel: | Chin, Devon | Property: | Ballys Atlantic City |
| Role: | Dispatched Officer | Department: | Security |
| Police Contacted: | Taken From Scene: | Police Contacted Result : | |

| Personnel: | Powell, Jan | Property: | Ballys Atlantic City |
| Role: | Dispatched Officer | Department: | Security |
| Police Contacted: | Taken From Scene: | Police Contacted Result : | |

| Personnel: | Reccoppa, Daniel | Property: | Ballys Atlantic City |
| Role: | Dispatched Officer | Department: | Security |
| Police Contacted: | Taken From Scene: | Police Contacted Result : | |

| Personnel: | Douglas, Clinton | Property: | Ballys Atlantic City |
| Role: | Dispatched Officer | Department: | Security |
| Police Contacted: | Taken From Scene: | Police Contacted Result : | |

| Personnel: | Miller, Hector | Property: | Ballys Atlantic City |
| Role: | Info From | Department: | |
| Police Contacted: | Taken From Scene: | Police Contacted Result : | |

| Personnel: | Garay, John | Property: | Ballys Atlantic City |
| Role: | Security Supervisor | Department: | Security |

| Personnel: | Davis, David | Property: | Ballys Atlantic City |
| Role: | Security Supervisor | Department: | Security |

| Subject: | Moore, Ciaran | Company: | |
| Role: | Ejected | | |
| Address: | 2403 David Drive Apt A Havertown PA 19083 United States | | |
| Contact Info: | | | |

| Reporting Party: | Supervisor: |

## Incident File Full Report

Incident File #IN20120013872

| | | | |
|---|---|---|---|
| Subject: | Moore, Anthony | Company: | |
| Role: | Ejected | | |
| Address: | 2427 Cedar Lane Drexel Hill PA 19026 United States | | |
| Contact Info: | | | |

| | | | |
|---|---|---|---|
| Subject: | Gowan, Aaron M | Company: | |
| Role: | Ejected | | |
| Address: | 20 Brooklyn Boulevard Havertown PA 19083 United States | | |
| Contact Info: | | | |

| | | | |
|---|---|---|---|
| Subject: | Bartkowski, Geri L | Company: | |
| Role: | Patron | | |
| Address: | 52 Helly Drive East Northport NY 11731 United States | | |
| Contact Info: | | | |

### Attachments:

| Title: | Attached by: | Original Filename: |
|---|---|---|
| Ciaran Moore.xls | wattsj  on Oct 9, 2012 02:20 | Ciaran Moore.xls |
| Aaron M. Gowan.xls | wattsj  on Oct 9, 2012 02:20 | Aaron M. Gowan.xls |
| Anthony Moore.xls | wattsj  on Oct 9, 2012 02:19 | Anthony Moore.xls |
| Title: | Attached by: | Original Filename: |
| | wattsj  on Oct 7, 2012 05:12 | IMG_4476.JPG |



| Reporting Party: | Supervisor: |
|---|---|

Incident File Full Report

Incident File #IN20120013872

wattsj  on Oct 7, 2012 05:11

IMG_4479.JPG



wattsj  on Oct 7, 2012 05:12

IMG_4475.JPG



wattsj  on Oct 7, 2012 05:12

IMG_4473.JPG



| Reporting Party: | | Supervisor: | |

## Incident File Full Report

Incident File #IN20120013872

watts j   on Oct 7, 2012 05:12

IMG_4472.JPG



End of Attachments

List of Attached Records:

| Record Type: | Summary: | Attached By: | Date Attached: |
|---|---|---|---|
| iDispatch | Dispatch#: DS20120047616 - Daily Log#: DL20120235067 - Call Time: 10/07/2012 2:14:23 AM - Dispatch Code: Confrontation - Physical - Dispatch Level: 1 - Urgent - Property: Ballys Atlantic City - Location: 04 Entrance/Exit - Sublocation: WW East Mountain Top Entrance - Dispatch Status: Cleared | watts j | 07-Oct-2012 |

Reporting Party:

Supervisor: